## UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| MICHAEL SOLONDZ | ) | |
| | ) | |
| **PETITIONER,** | ) | |
| | ) | **No. 24-1284** |
| v. | ) | |
| | ) | |
| FEDERAL AVIATION | ) | |
| ADMINISTRATION | ) | |
| | ) | |
| **RESPONDENT.** | ) | |


## UNDERLYING DECISION FROM WHICH THE PETITION ARISES

Pursuant to the Court's Order on August 28, 2024, Petitioner Michael Solondz hereby submits this Underlying Decision from which the Petition Arises:

Attached hereto is a true copy of the final agency decision under review, which is the decision of the Federal Aviation Administration, through the Federal Air Surgeon, issued by letter dated July 9, 2024 (PI # 2041673).


August 29, 2024            Respectfully submitted,


/s/ Zane A. Gilmer_____
Zane A. Gilmer, Esq.
STINSON LLP
1144 Fifteenth Street, Suite 2400
Denver, CO 80202

1

CORE/3526649.0002/192181875.1

Tel: (303) 376-8416
Email: zane.gilmer@stinson.com

Brandon R. Nagy, Esq.
STINSON LLP
1775 Pennsylvania Avenue, NW, Suite 800
Washington, D.C. 20006
Tel: (202) 728-3010; Fax: (202) 572-9964
Email:  brandon.nagy@stinson.com

Joe LoRusso, Esq. *
RAMOS LAW
10190 Bannock St., Suite 200
Northglenn, CO 80260
Tel: (720) 580-8305
Email: jlorusso@ramoslaw.com
(*application for admission forthcoming)

*Counsel for Petitioner Michael Solondz*

2

CORE/3526649.0002/192181875.1

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2024, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system.  I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system. I also served the foregoing upon the FAA's counsel via email.

Weingold, Brett (FAA) <Brett.Weingold@faa.gov>

Kabaz-Gomez, Jessica (FAA) <Jessica.Kabaz-Gomez@faa.gov>

/s/ *Zane A. Gilmer*
Zane A. Gilmer, Esq.

3

# Exhibit A



U.S. Department
of Transportation

**Federal Aviation
Administration**

Aviation Safety
Office of Aerospace Medicine
Federal Air Surgeon's Office

800 Independence Ave, SW,
AAM-240
Washington, DC 20591

**JULY 09, 2024**

**CERTIFIED MAIL** — Return Receipt Requested

MICHAEL SOLONDZ
122 STEWART DRIVE
ASPEN CO 81611

PI # 2041673

Dear Michael M. Solondz:

We are responding to your request for reconsideration by the Federal Air Surgeon, dated February 19th, 2024.[1]

Factual Background:

Special Issuance for Atrial Fibrillation 2002 to 2004

In 2001, you received a diagnosis of Atrial Fibrillation with onset on February 9th, 2001. You subsequently submitted an application for airman medical certification on August 7th, 2002. Your application was deferred. After your submission of additional medical information and testing, the FAA determined that while you did not meet the medical standards set out in 14 C.F.R. part 67 and thus could not be issued an unrestricted airman medical certificate, you could safely perform the duties authorized by a limited first-class medical certificate without endangering public safety under 14 C.F.R. § 67.401(a). Therefore, on December 10th, 2002, you were granted a discretionary Authorization for Special Issuance of a Medical Certificate. You continued to receive new discretionary Authorizations until October 20th, 2004 when you were deemed eligible for unrestricted airman medical certification with the limitation that you must wear corrective lenses.

Report of Situational Anxiety, Insomnia and concern for Coronary Artery Disease 2019 to 2020

You continued to receive unrestricted airman medical certificates until your airman medical certificate application of March 20th, 2019, when you reported: "*Experienced Anxiety and Stress due to dying family member (father) and other home issues in June - September 2018. [Lexipro] and Diazepam prescribed during Medical Leave of Absence from all flying duties. Medication was terminated prior to return to flying duties in September 2018. Also, upon advice and consult with Cardiologist, performed EKG, stress test, blood tests and CT/CTA CORO with Calcium. I also consulted with a grief counselor during this time period which was very helpful.*"

Your Aviation Medical Examiner (AME) reported: "*Lexapro for 5 weeks, ended 09/2018. Valium 2-3 times per week prn for sleep, discontinued 09/2018,*" but issued you an unrestricted airman medical certificate.

In April 2019, you supplied medical documentation with a letter from your treating physician, Dr David Borchers, dated March 19th, 2019, confirming a diagnosis of depression and anxiety that was situational, and that the Lexapro and Xanax had been discontinued.

In April 2019 you also supplied an exercise stress test that was performed at Aspen Valley Hospital on October 16th, 2018. The results of this test were determined to be "equivocal" due to J-point depression in the precordial leads with upsloping ST segments. Because of this CT angiography of your heart was performed on October 19th, 2018. You also provided the result of this test in April 2019. The test showed minimal calcification in the Left Anterior

---

1. Although your letter is dated February 19, 2023, the year appears to be a typo, as the letter references a February 7, 2024 letter from members of Congress to the FAA's Administrator.

PI # 2041673
MID # 200010404534
APP ID # 1996570502
Michael M. Solondz

Descending artery and did not find stenosis to explain the equivocal stress test. These records were reviewed by the Aerospace Medical Certification Division in August 2019, and to ensure that your continued operation of aircraft would not endanger aviation safety, additional information was requested on August 8th, 2019. This included requesting the results, to include full tracings, of your radionuclide stress test conducted on October 16, 2018, as well as a typed current cardiovascular evaluation and current laboratory testing. I do note however that that the request for a radionuclide stress test from October 16th, 2018, was in error, as the test on that date was a non-radionucleotide stress test.

You then submitted a Privacy Act Request for your FAA records, dated August 26th, 2019, received on September 3rd, 2019. The records were disclosed on October 22nd, 2019.

On September 24th, 2019, you submitted an application for medical certification through your AME, which was deferred. In this application you reported treatment with Sonata, and your AME noted insomnia, tachycardia, benign prostatic hypertrophy, and a recent stress test with results that were pending.

In October 2019, you also submitted a clinical report from Dr Borchers, dated September 10th, 2019. This documented concern about sleep disturbance, and recommendation for treatment with Xanax (alprazolam) and then with Sonata (zaleplon). You were counselled not to use the medication more than two times a week, and not to use within 6 hours before any flight. It should be noted that Sonata (zaleplon) is aeromedically disqualifying if used 12 hours before any flight.

You also submitted the ECG tracings and report of a radionucleotide stress test performed on September 23rd, 2019. This was interpreted as showing "*minimal posterobasal*" fixed defect that was not ischemia.

In March 2020, your records were then reviewed by Deputy Regional Flight Surgeon for the Northwest Mountain region, and it was determined that you were eligible for a first-class airman medical certificate, with the limitation that you must wear corrective lenses. The medical certificate was issued on March 13th, 2020.

<u>Anxiety, Insomnia and use of aeromedically unacceptable medication 2020 to present</u>

In August, 2020 we received a FOIA request, FOIA# 2020-007775CA, from LoRusso & LoRusso, esq.

In August 2021 you provided additional documentation with a large volume of records. Included with your documentation was a letter from your attorney, LoRusso & LoRusso, Esq., dated August 4th 2021. In that letter your attorney related that one month after submitting your previous application in late 2019, you "endured significant life changing events, which ultimately resulted in [you] being prescribed Remeron." Your attorney related that in response to these events and given your "subsequent treatment" you made the decision to "voluntarily self-ground pursuant 14 CFR § 61.53." The letter also states that you were prescribed Remeron in February 2020 by a psychiatric nurse practitioner, Ms. Linda Shaw. You reportedly stopped use of Remeron by the Summer of 2020, but resumed this medication in August 2020. The letter notes that Remeron is disallowed for use by the FAA and is not approved by the FAA in its protocols for special issuance discussed in the letter. This letter acknowledged that Remeron (mirtazapine) can be sedating but argues that the somnolence may be less when used in higher doses. The letter requested that you be issued an airman medical certificate "SI [special issuance] or otherwise."

PI # 2041673
MID # 200010404534
APP ID # 1996570502
Michael M. Solondz

We subsequently received another letter from Joseph LoRusso from Ramos Law on October 19th, 2021 again requesting that the FAA issue you a medical certificate.

You supplied a psychiatric report performed by Dr Levitt, noting an evaluation date of March 11th, 2021, which appears to include record review of records dated July 6th, 2021, after the evaluation. The conclusion of this report is that you were diagnosed with Generalized Anxiety Disorder, in remission, as well as Insomnia, in remission, on treatment with Remeron. Also included was Dr. Denison's report dated July 6th, 2021, reporting a May 25th, 2021 evaluation with a clinical interview and a July 6th, 2021 evaluation with neurocognitive testing. This report concludes that your cognitive functioning was normal at the time of testing on July 6th, 2021. We also received documentation from your treating psychiatrist, Dr. Nelson, dated January 25th, 2021. You later supplied a sleep study dated June 29th, 2021. This reported that a home sleep study in January of 2020 found central and obstructive sleep apnea. This improved satisfactorily during a June 29th 2021 study with titration of ASV (Adaptive Servo Ventilation), noting that when pressures were too high the central apnea worsened.

On September 28th, 2021 we informed you that a careful review of your application and physical examination that was performed on September 24, 2019 and subsequent medical information received, discloses that you did not meet the medical standards prescribed in Title 14 of the Code of Federal Regulations (CFR), Part 67.113(c). By virtue of your history of Anxiety and Sleep Disturbance treated with Mirtazapine (Remeron), it was determined that you were not qualified for any class of medical certificate.

On December 16th, 2021 you were informed that we did not have a current application on file to continue review.

On January 18th, 2022 you submitted a new application for airman medical certification. This application was deferred by your AME. You reported your conditions of anxiety, sleep disorder and use of Remeron (mirtazapine).

On February 11th,2022 your application was denied by the Manager of the FAA's Aerospace Medical Certification Division (AMCD).

The FAA received a letter from your attorney, Joseph LoRusso, Ramos Law, dated March 22nd, 2022, questioning the FAA's procedure and requesting review by the Federal Air Surgeon. On July 19th, 2022 we received correspondence from The Honorable John Hickenlooper, United States Senator for Colorado, regarding your case, and responded with an explanation for the denial of medical certification.

We later received additional documentation, including a report from Dr. Levitt of an evaluation on November 29th, 2022, and repeat neurocognitive testing with Dr. Denison on January 17th, 2023. These all indicated the anxiety and insomnia were stable on treatment, with normal performance on neurocognitive testing.

Unreported Conditions of Optic Neuritis and Melanoma.

Dr Denison's initial report of March 11th, 2021, notes that in January 2020, you developed optic neuritis, and were evaluated by a neuro-ophthalmologist in Denver. You reportedly also had a brain MRI scan. The report also mentioned a history of a diagnosis of malignant melanoma. These conditions were not reported in your medical certificate application with the FAA.

On July 8th, 2022, in response to your attorney's letter of March 22nd, 2022, requested review by the Federal Air Surgeon, the Federal Air Surgeon issued a final denial both of your application for unrestricted airman medical certification, and of your application for a

USCA Case #24-1284      Document #2072347          Filed: 08/29/2024      Page 8 of 12

special issuance authorization. As part of the explanation regarding the denial of your application for a special issuance authorization, the Federal Air Surgeon noted that "As long as your generalized anxiety disorder and sleep disorder (insomnia) are being treated with the medication mirtazapine (Remeron), we can offer you no encouragement for a favorable review of your application. If you and your physician agree that it would be clinically appropriate to discontinue use of medication (Mirtazapine/Remeron) or change to an FAA approved SSRI medication, I am willing to reconsider your request for airman medical certification." The letter noted that if you discontinued your use of Remeron, the FAA would also need additional information to consider you for a special issuance authorization, including information related to your anxiety, insomnia, use of mirtazapine as well as information on your history of optic neuritis and malignant melanoma.

Following this denial, on February 17th, 2023, you submitted a new application for airman medical certification. This application indicated your continued use of Remeron, and referenced various conditions that had been previously reported on your past medical certificate applications. However, the application contained no reference to your history of optic neuritis or malignant melanoma. The AME deferred your application to the FAA for further review and did not issue you a medical certificate.

We received a letter from your attorney Mr. LoRusso on 3/10/2023 with expanded history, stating that additional records would be included. In April 2023 we received a pathology report of a biopsy conduced on May 10th, 2019. This reported a compound melanocytic nevus (a benign lesion). In a clinical note from Dr Thomas dated August 22nd, 2022, the diagnosis of "Melanoma in Situ … right distal upper arm 05/2014" is mentioned. This was not reported on your April 6th, 2015, April 21st, 2016, March 28th, 2017, March 20th, 2019, September 24th, 2019, or subsequent applications. Dr. Thomas has recommended skin checks every six months since 2014. In April 2023 we received a report of an MRI of the orbits dated July 29th, 2021 that describes mild prominence of the left optic nerve and sheath. We received a note from Dr Victoria Pelak, neuro-ophthalmologist, dated July 7th, 2022, reporting swelling of the left optic nerve in early 2020. Testing did not confirm a diagnosis. Reportedly an MRI was performed in January 2020. No significant vision loss was identified at the time of the July 2022 evaluation. Dr. Pelak returned your care to your regular ophthalmologist, Dr. Ehrlich, who reported a favorable eye exam on July 31st, 2023, with a plan to follow in one year for a diagnosis of unspecified optic neuritis. Laboratory data supplied in April 2023 showed your Vitamin B6 level was low on February 3rd, 2021. There is also a notation that an MRI of your brain and orbits was performed on January 31st, 2020.

On April 14, 2023, the AMCD Manager denied your February 17, 2023 medical certificate application for unrestricted airman medical certification "due to your history of Generalized Anxiety Disorder, Obstructive Sleep Apnea (OSA) treated with Continuous Positive Airway Pressure (CPAP), Atrial Fibrillation (A-Fib) along with the use of the aeromedically unacceptable medication Mirtazapine (Remeron)." The letter noted that the denial by the AMCD Manager was subject to reconsideration by the Federal Air Surgeon under 14 C.F.R. § 67.409(a), which concerns denials of medical certificates.

In a letter dated May 12, 2023, your attorney Mr. LoRusso requested reconsideration by the Federal Air Surgeon. Your attorney also requested that you be permitted to supplement your case file and stated you would provide additional information "no later than June 19, 2023."

In response to your letter, on May 28, 2023, the AMCD Manager sent you a letter setting out additional information requested by the FAA for evaluation of your suitability for medical certification. Your attorney responded to the AMCD Manager on June 27, 2023, and related that you were "diligently acquiring the specified reports and intend[] to submit the documentation in the very near future." The AMCD Manager sent you an additional letter on July 13, 2023, acknowledging your June 27, 2023 correspondence. On November 12, 2023, your attorney sent a letter to the AMCD Manager noting the AMCD's Manager's letter of July 13, 2023, and indicating that your attorney was resubmitting "attached documentation" to the June 27, 2023

USCA Case #24-1284      Document #2072347          Filed: 08/29/2024      Page 9 of 12

PI # 2041673
MID # 200010404534
APP ID # 1996570502
Michael M. Solondz

letter. This documentation included an eye exam dated July 31, 2023, and other documentation dated from June 19 and 20, 2023. On November 20, 2023, the AMCD Manager sent a letter acknowledging your November 12, 2023 correspondence, and reiterated the FAA's May 28, 2023 request for a current psychiatric evaluation, CPAP data covering the preceding 90 or more days, and, should you discontinue the use of Remeron, clinical progress notes regarding the discontinuation.

On December 19, 2023, your attorney again formally requested reconsideration by the Federal Air Surgeon. Your attorney indicated that you "will not be discontinuing Remeron," and that you "request[] reconsideration in consideration of that fact."

On February 19, 2024, your attorney sent a follow-up letter requesting that the Federal Air Surgeon "expeditiously issue a final decision on his application for reconsideration, made pursuant to 14 C.F.R. § 67.409(a)."

On April 10, 2024, the AMCD Manager issued a letter stating that it was in response to your request for reconsideration, and indicating that the AMCD manager was "sustain[ing] our previous denial dated April 14, 2023 due to your history of Generalized Anxiety Disorder, Obstructive Sleep Apnea (OSA) treated with Continuous Positive Airway Pressure (CPAP), Atrial Fibrillation (A-Fib) along with the use of the aeromedically unacceptable medication Mirtazapine (Remeron)." This letter was erroneously issued, as you had requested reconsideration by the Federal Air Surgeon.


Federal Air Surgeon Review and Decision


Your application for airman medical certificate has received further review at the Federal Air Surgeon's Medical Appeals Branch. Specifically, I have reviewed both your application for an unrestricted airman medical certificate pursuant to the standards of 14 C.F.R. part 67, and for a discretionary special issuance authorization pursuant to 14 C.F.R. § 67.401(a).

With respect to your application for unrestricted airman medical certification, I find that you do not meet the medical standards 14 C.F.R. part 67. Specifically, you do not meet the standards set out in section(s) 67.103(e), 67.203(e), 67.303(e), 67.107(c), 67.207(c), 67.307(c), 67.109(b), 67.209(b), 67.3079(b), 67.113(b)(c), 67.213(b)(c), and 67.313(b)(c). This is due to your history of Generalized Anxiety Disorder, Sleep Apnea (OSA) treated with Positive Airway Pressure (PAP), Atrial Fibrillation (A-Fib), Optic Neuritis and use of Remeron, a medication that the FAA has found to be disqualifying due to its sedating effects.

In addition, I have considered you for a discretionary Special Issuance Authorization, but I cannot find that you can exercise the duties authorized by any class of airman medical certificate without endangering public safety during the period in which the Special Issuance Authorization would be in force. I find so based upon my review of your medical file and the combination of conditions which you present: First, we are unable to ensure that your operation of aircraft while taking Remeron (mirtazapine) would not endanger aviation safety. This is because mirtazepine (Remeron) is known to have a significant side-effect of sedation or somnolence. In the United States Food and Drug Administration prescribing information, somnolence is reported to be a side effect in over half of those treated for depression with mirtazapine for 6 weeks. Your counsel cites the 1997 study by Kasper, Wolf, et al. noting that sedating effects may be less when mirtazapine is used in higher therapeutic doses. This paper theorizes, but does not prove, less sedating effect when higher doses are used. In this paper, analyzing pooled studies, sedation was in reported in 14.8% of those taking the higher mirtazapine dose, and in 10.3% of those taking placebo. This paper does not refute the possibility of mirtazapine still causing sedating effects. I also note in a 1998 study by Ramakers, O'Hanlon, et al., assessing performance while driving and using mirtazapine at a dose of 30mg daily. This study reported poorer performance with keeping lane position after

PI # 2041673
MID # 200010404534
APP ID # 1996570502
Michael M. Solondz

16 days of treatment. Given the available evidence and my duty to ensure aviation safety, I am unable to conclude that the likelihood of sedation that is known to occur with mirtazapine is sufficiently low to assure safety while operating an aircraft in the national airspace. Because you have unequivocally indicated you will not discontinue the use of Remeron, I must deny your application for a Special Issuance Authorization on that basis.

I note that in your December 2023 request for reconsideration, you "disagree with [the FAA's] recommendation to discontinue use [of Remeron]." The FAA has not, and does not, recommend courses of treatment; your treatment of your anxiety and sleep disorders is a decision to be made by you and your treating providers. Unfortunately, as I have already discussed, the use of Remeron presents a risk to aviation safety. If your informed decision after consultation with your treating physician is to continue the use of Remeron, that is understandable, but also precludes you from obtaining a Special Issuance Authorization.

We have recently reviewed additional medications that may be used to treat anxiety and depression, beyond the four originally conditionally approved SSRIs. As of April 24th, 2024 we have also conditionally approved: bupropion slow release and extended release formulations, desvenlafaxine, duloxetine and venlafaxine. These medications are reported to have a much lower risk of somnolence or sedation than does Remeron (mirtazapine), and after detailed review by the FAA it is determined that Special Issuance may be considered on a case by case basis for individuals being treated with these medications. You may wish to discuss with your treating providers if one of these other medications may be indicated in place of Remeron. You and your providers may find additional information in the Guide for Aviation Medical Examiners Decision Considerations – Aerospace Medical Dispositions Item 47. Psychiatric Conditions - Use of Antidepressants. This is available online at: https://faa.gov/go/ssri. This information is provided so that you may consider it with respect to your pursuit of airman medical certification; it is not a recommendation of treatment.

Second, optic neuritis, or any unexplained loss of neurologic function such as a temporary loss of vision, poses a risk to aviation safety and must be reported to your AME. While many people with optic neuritis fully recover and do well, a study reporting by The Optic Neuritis Study Group int 2008, in the Archives of Neurology peer reviewed journal, reported about a 25-50% risk of individuals with optic neuritis developing multiple sclerosis within 15 years. We accept that this risk likely decreases with age, however we are still unable to assure safe operation of aircraft without review of all the pertinent clinical documentation and test results, as well as review of ongoing regular evaluations that screen for progression or relapse.

Third, your medical record contains a diagnosis of malignant melanoma. We understand that the clinical note from Dr. Thomas dated August 22nd, 2022, mentions the diagnosis of "Melanoma in Situ", but not malignant melanoma. Malignant melanoma, if this condition is present, carries a high risk of spread or metastasis, including high risk of spreading to the brain where it may cause cognitive problems or seizures.

In the event that you and your treating physicians decide that you wish to discontinue the use of Remeron (mirtazapine) and would like to reapply for a Special Issuance Authorization, you will also need to provide to the FAA all the medical records pertaining to your diagnoses of optic neuritis and melanoma. We will need current reports from your treating neurologist on the optic neuritis, a current MRI scan of your brain, a current report from your treating physician about the melanoma, and all your pathology specimen reports pertaining to the melanoma. Given that the FAA does not have the above-referenced information at this time, I must also deny your application for a Special Issuance Authorization based on your diagnoses of optic neuritis and potential malignant melanoma.

Sleep apnea and other sleep conditions pose a risk to the aviation environment. Appropriate treatment can mitigate this risk. We understand your sleep condition may be more complex than

Page 7

PI # 2041673
MID # 200010404534
APP ID # 1996570502
Michael M. Solondz

typical obstructive sleep apnea, because it includes the diagnosis of central apnea that improved with use of Adaptive Servo Ventilation. To consider for aeromedical certification, we require that the treatment is used and complies with the "OSA STATUS REPORT – RECERTIFICATION" specifications, available at: OSA_RECERT_Status_Summary.pdf (faa.gov)

Lastly, we wish to remind you of the importance of fully and truthfully reporting of all medical conditions. Not only is this required, but supplying complete and accurate information greatly speeds up reviewing medical conditions for safe and efficient certification decisions.

Sincerely,

Susan E. Northrup, M.D.
Federal Air Surgeon

cc:  Michael Ladwig M.D.